UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE ARCHDIOCESE OF MILWAUKEE SUPPORTING FUND, On Behalf of Plaintiff and All Others Similarly Situated,<br><br>          Plaintiff,<br><br>vs.<br><br>INVESTORS FINANCIAL SERVICES CORP., et al.,<br><br>          Defendants. | No. 1:05-cv-11627-RCL<br><br>CLASS ACTION |
| ROBERT FAUSSNER, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>vs.<br><br>INVESTORS FINANCIAL SERVICES CORP., et al.,<br><br>          Defendants. | No. 1:05-cv-11687-RCL<br><br>CLASS ACTION |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CITY OF DEERFIELD BEACH NON-UNIFORM EMPLOYEES RETIREMENT PLAN AND THE IRONWORKERS ST. LOUIS DISTRICT COUNCIL PENSION FUND'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND FOR APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ...........................................................................................1

II. FACTUAL BACKGROUND ................................................................................................2

III. ARGUMENT .........................................................................................................................4

    A. THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ..........4

    B. THE CITY OF DEERFIELD AND THE IRON WORKERS FUND
       SHOULD BE APPOINTED LEAD PLAINTIFFS ...................................................4

       1. The Procedure Required by the PSLRA .......................................................4

       2. The City of Deerfield and the Ironworkers Fund Satisfy the "Lead
          Plaintiff" Requirements of the Exchange Act ...............................................5

          a. The City of Deerfield and the Ironworkers Fund Have
              Complied with the Exchange Act and Should be Appointed
              Lead Plaintiffs .................................................................................5

          b. The City of Deerfield and the Ironworkers Fund Are
              Precisely the Type of Lead Plaintiffs Envisioned by
              Congress When It Passed the PSLRA ............................................6

          c. The City of Deerfield and the Ironworkers Fund Have the
              Requisite Financial Interest in the Relief Sought by the
              Class ................................................................................................7

          d. The City of Deerfield and the Ironworkers Fund Satisfy
              Rule 23 .............................................................................................7

    C. THE COURT SHOULD APPROVE THE CITY OF DEERFIELD AND
       THE IRONWORKERS FUND'S CHOICE OF COUNSEL .................................9

IV. CONCLUSION ....................................................................................................................10

## TABLE OF AUTHORITIES

Page

**CASES**

*Andrews v. Bechtel Power Corp.*
    780 F.2d 124 (1st Cir. 1985).................................................................................9

*Ferrari v. Impath, Inc.*
    03 Civ. 5667(DAB) 2004 U.S. Dist. LEXIS 13898
    (S.D.N.Y. July 15, 2004) ........................................................................................1

*Greebel v. FTP Software*
    939 F.Supp. 57 (D. Mass. 1996) .............................................................................5

*Greebel v. FTP Software*
    194 F.3d 185 (D. Mass. 1996) ................................................................................5

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (3d Cir. 1990)..................................................................................4

*Modell v. Eliot Sav. Bank*
    139 F.R.D. 17 (D. Mass. 1991)...............................................................................9

*Priest v. Zayre Corp.*
    118 F.R.D. 552 (D. Mass. 1988).............................................................................8

*Rossini v. Ogilvy & Mather, Inc.*
    798 F.2d 590 (2d Cir. 1986)....................................................................................8

*Lax v. First Merchants Acceptance Corp.*
    No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866
    (N.D. Ill. Aug. 6, 1997)...........................................................................................7

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78............................................................................................................................1
    §78-u ........................................................................................................................1
    §78u-4(a)......................................................................................................... *passim*

17 C.F.R.
    §240.10b-5 ...............................................................................................................1

**Page**

Federal Rules of Civil Procedure
    Rule 23 ............................................................................................................... *passim*
    Rule 42 ............................................................................................................................ 4

**LEGISLATIVE HISTORY**

H.R. Conf. Rep. No. 104-369, at 34 (1995),
    reprinted in 1995 U.S.C.C.A.N. 679 ................................................................................. 6

**I.      PRELIMINARY STATEMENT**

Presently pending before the Court are two related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired Investors Financial Services Corp. ("Investors Financial" or the "Company") securities between October 15, 2003 and July 15, 2005, inclusive (the "Class Period") and allege violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional investors the City of Deerfield Beach Non-Uniform Employees Retirement Plan (the "City of Deerfield") and the Ironworkers St. Louis District Council Pension Fund (the "Ironworkers Fund") hereby move this Court for an order to: (i) consolidate the Actions; (ii) appoint the City of Deerfield and the Ironworkers Fund as lead plaintiffs in the Actions under §21D(a)(3)(B) of the Exchange Act (15 U.S.C. §78-u); and (iii) approve the City of Deerfield and the Ironworkers Fund's selection of the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") to serve as lead counsel and the law firm of Krakow & Souris, LLC ("Krakow Souris") to serve as liaison counsel for the class.

This motion is made on the grounds that the City of Deerfield and the Ironworkers Fund are the most adequate plaintiffs, as defined by the PSLRA. The City of Deerfield and the Ironworkers Fund are precisely the type of investors that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.*, 03 Civ. 5667(DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 15, 2004) (holding that institutional investors proposed as lead plaintiffs are exactly the type of lead plaintiffs that Congress sought to encourage to participate in the litigation of these actions). Moreover, as institutional investors, the City of Deerfield and the

Ironworkers Fund are accustomed to acting as fiduciaries and experienced in legal and financial matters, which will substantially benefit the class.

The City of Deerfield and the Ironworkers Fund suffered losses of $140,326.43 in connection with their purchases of 19,755 of Investors Financial shares during the Class Period. *See* Souris Decl., Ex. B.[1] To the best of their knowledge, this is the greatest loss sustained by any moving class member or class member group who filed an application to serve as lead plaintiff in these Actions. In addition, the City of Deerfield and the Ironworkers Fund satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") in that their claims are typical of the claims of the putative class and that they will fairly and adequately represent the interests of the class.

## II.    FACTUAL BACKGROUND

Investors Financial operates as a bank holding company for Investors Bank & Trust Company, an entity that provides asset administration services for the financial services industry in the United States. The Company's services consist of securities lending, foreign exchange, cash management, performance measurement, institutional transfer (a transfer agency), investment advisory services, lines of credit and brokerage, and transition management services.

During the Class Period, defendants caused Investors Financial's shares to trade at artificially inflated levels, through the issuance of false and misleading financial statements and guidance. Defendants' statements served to convince investors that: (i) the Company's financial statements were accurate, including results for revenues, growth and interest income, and (ii) the Company had prudently built into their models and assumptions the impact of continued interest rate compression and flattening of the U.S. interest rate yield curve.

---

[1] References to the "Souris Decl., Ex. __" are to the exhibits attached to the accompanying declaration of Christopher N. Souris dated October 3, 2005 and submitted herewith.

Defendants shocked the market in October 2004, when they finally revealed the need to restate financial results over a three year period. On October 22, 2004, the price of Investors Financial stock plummeted, from its previous close of $43.70, for a loss of $7.20, losing 16.4% of its value, closing at $36.50 on volume of over 11 million shares. Later, the Company would reveal that during the period from 2001 to 2004, defendants had overstated net interest income by as much as $6.2 million.

Although the market reacted severely to the news of the restatement, the news served as a "red herring" to: (i) distract the investment community from inconsistencies between uncorrected and actual net interest income results; and (ii) aid in defendants' continued concealment of the impact of flattening yield curve and rate spread compression on net interest income and on its 2005 guidance.

On July 15, 2005, defendants again shocked the market, announcing an unprecedented "reset" of their quarterly and 2005 guidance, to bring their guidance in line with the "new" realities of market-driven rates and rate spreads. However, despite defendants' assertions that an interest rate event peculiar to the second quarter served as the purported "trigger" for the Company's changed circumstances, investors now understood that the change in the Company's fortunes was a direct result of the dramatic flattening of the yield curve and contraction of rate spreads, evident from the very beginning of the Class Period.

On July 15, 2005, following the Company's shocking announcement, the price of Investors Financial's stock plummeted, from its previous close of $41.52, for a loss of $7.47, losing 17.9% of its value, closing at $34.05, on unprecedented volume of over 22 million shares.

### III. ARGUMENT

#### A. THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The Actions each assert class claims on behalf of the purchasers of Investors Financial shares for alleged violations of the Exchange Act during the Class Period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Investors Financial shares during the Class Period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Investors Financial's stock during the Class Period. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42(a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (3d Cir. 1990). This test is met here and accordingly, the Actions should be consolidated.

#### B. THE CITY OF DEERFIELD AND THE IRON WORKERS FUND SHOULD BE APPOINTED LEAD PLAINTIFFS

##### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in *The Archdiocese of Milwaukee Supporting Fund* Action caused the first notice regarding the pendency of these actions to be published on *PR Newswire*, a national, business-oriented newswire service, on August 4, 2005. *See* Souris Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members

of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996), *aff'd*, 194 F.3d 185 (1st Cir. 1999).

### 2. The City of Deerfield and the Ironworkers Fund Satisfy the Lead Plaintiff Requirements of the Exchange Act

#### a. The City of Deerfield and the Ironworkers Fund Have Complied with the Exchange Act and Should be Appointed Lead Plaintiffs

The time period in which class members may move to be appointed lead plaintiff herein expires on October 3, 2005. *See* 15 U.S.C. §§78u-4(a)(3)(A) and (B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on August 4, 2005), the City of Deerfield and the Ironworkers Fund timely move this Court to be appointed lead plaintiffs on behalf of all members of the class.

The City of Deerfield and the Ironworkers Fund have duly signed and filed herewith, certifications stating that they are willing to serve as the representative parties on behalf of the class. *See* Souris Decl., Ex. C.  In addition, the City of Deerfield and Ironworkers Fund have selected and retained competent counsel to represent them and the class.  *See* Souris Decl., Ex. D.  Accordingly, the City of Deerfield and the Ironworkers Fund have satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and are entitled to have their application for appointment as lead plaintiffs and selection of lead and liaison counsel as set forth herein, considered and approved by the Court.

### b. The City of Deerfield and the Ironworkers Fund Are Precisely the Type of Lead Plaintiffs Envisioned by Congress When It Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, sophisticated institutional investors to play a more prominent role in securities class actions.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation.  The City of Deerfield and the Ironworkers Fund, as institutional investors, are precisely the type of lead plaintiffs Congress envisioned when it passed the PSLRA.  *See id*.  ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.").

      **c.**      **The City of Deerfield and the Ironworkers Fund Have the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, *see* Souris Decl., Ex. C, the City of Deerfield and the Ironworkers Fund purchased 19,755 of Investors Financial shares in reliance upon the materially false and misleading statements issued by defendants and were injured thereby. In addition, the City of Deerfield and the Ironworkers Fund incurred a $140,326.43 loss on their transactions in Investors Financial shares. The City of Deerfield and the Ironworkers Fund thus have a significant financial interest in this case.

      **d.**      **The City of Deerfield and the Ironworkers Fund Satisfy Rule 23**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 6, 1997). The City of Deerfield and the Ironworkers Fund

satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiffs.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted that determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members'") (citations omitted).

The City of Deerfield and the Ironworkers Fund satisfy this requirement because, just like all other class members, they: (1) purchased Investors Financial shares during the Class Period; (2) purchased Investors Financial shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the City of Deerfield and the Ironworkers Fund's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the City of Deerfield and the Ironworkers Fund to represent the class to the existence of any conflicts between the interests of the City of Deerfield and the Ironworkers Fund and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of

potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who are qualified, experienced and able to vigorously conduct the proposed litigation. *See Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985).

Here, the City of Deerfield and the Ironworkers Fund are adequate representatives of the class. As evidenced by the injuries suffered by the City of Deerfield and the Ironworkers Fund, who purchased Investors Financial shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of the City of Deerfield and the Ironworkers Fund are clearly aligned with the members of the class, and there is no evidence of any antagonism between them. Further, the City of Deerfield and the Ironworkers Fund have taken significant steps which demonstrate they will protect the interests of the class: they have retained competent and experienced counsel to prosecute these claims. In addition, and as shown below, the City of Deerfield and the Ironworkers Fund's proposed lead and liaison counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the City of Deerfield and the Ironworkers Fund *prima facie* satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. THE COURT SHOULD APPROVE THE CITY OF DEERFIELD AND THE IRONWORKERS FUND'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, the City of Deerfield and the Ironworkers Fund have selected the law firm of Lerach Coughlin as lead counsel firm which has substantial experience in the prosecution of shareholder and securities class actions. *See* Souris Decl., Ex. D. Accordingly, the Court should approve the City of Deerfield and the Ironworkers Fund's selection of counsel.

## IV. CONCLUSION

For all the foregoing reasons, the City of Deerfield and the Ironworkers Fund respectfully request that the Court: (i) consolidate the Actions; (ii) appoint the City of Deerfield and the Ironworkers Fund as Lead Plaintiffs in the Actions; (iii) approve their selection of Lead and Liaison Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

DATED:  October 3, 2005

KRAKOW & SOURIS, LLC
AARON D. KRAKOW (BBO No. 544424)
CHRISTOPHER N. SOURIS (BBO No. 556343)

               /s/Christopher N. Souris
CHRISTOPHER N. SOURIS

225 Friend Street
Boston, MA  02114
Telephone:  617/723-8440
617/723-8443 (fax)

[Proposed] Liaison Counsel

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
DARREN J. ROBBINS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ELISE J. COHEN
9601 Wilshire Blvd., Suite 510
Los Angeles, CA  90210
Telephone:  310/859-3100
310/278-2148 (fax)

[Proposed] Lead Counsel for Plaintiffs

- 11 -

CERTIFICATE OF SERVICE

I, Christopher N. Souris, hereby certify that I caused a copy of the foregoing to be sent this day by first class U.S. mail to the parties listed on the attached Service List

    */s/Christopher N. Souris*
Christopher N. Souris

U:\CasesLA\Investors Financial\BRF00024814.doc

INVESTORS FINANCIAL

Service List - 10/3/2005   (05-0197)

Page 1 of 2

**Counsel For Defendant(s)**

Jason D. Frank
Jordan D. Hershman
Bingham McCutchen LLP
150 Federal Street
Boston, MA  02110
  617/951-8000
  617/951-8736 (Fax)

William R. Harb
Testa, Hurwitz & Thibeault, LLP
High Street Tower, 125 High Street
Boston, MA  02110
  617/248-7000
  617/248-7100 (Fax)

**Counsel For Plaintiff(s)**

David Pastor
Gilman And Pastor, LLP
60 State Street, 37th Floor
Boston, MA  02109
  617/742-9700
  617/742-9701 (Fax)

Aaron D. Krakow
Christopher N. Souris
Krakow & Souris, LLC
225 Friend Street
Boston, MA  02114
  617/723-8440
  617/723-8443 (Fax)

Elise J. Cohen
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
9601 Wilshire Blvd., Suite 510
Los Angeles, CA  90210
  310/859-3100
  310/278-2148 (Fax)

William S. Lerach
Darren J. Robbins
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
  619/231-1058
  619/231-7423 (Fax)

Marc A. Topaz
Richard A. Maniskas
Tamara Skvirsky
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA  19087
  610/667-7706
  610/667-7056 (Fax)

David R. Scott
Neil Rothstein
Scott + Scott, LLC
108 Norwich Avenue
Colchester, CT  06415
  860/537-5537
  860/537-4432 (Fax)

INVESTORS FINANCIAL
Service List - 10/3/2005   (05-0197)
Page 2 of 2

| | |
|---|---|
| Thomas G. Shapiro | Robert I. Harwood |
| Edward F. Haber | Jeffrey M. Norton |
| Theodore M. Hess-Mahan | Wechsler Harwood LLP |
| Shapiro Haber & Urmy, LLP | 488 Madison Avenue, 8th Floor |
| 53 State Street | New York, NY 10022 |
| Boston, MA 02109 | 212/935-7400 |
| 617/439-3939 | 212/753-3630 (Fax) |
| 617/439-0134 (Fax) | |