UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE ARCHDIOCESE OF MILWAUKEE SUPPORTING FUND, On Behalf of Plaintiff and All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>INVESTORS FINANCIAL SERVICES CORP., et al.,<br><br>　　　　　　　　　　Defendants. | No. 1:05-cv-11627-RCL<br>**(Consolidated)**<br><br><u>CLASS ACTION</u> |

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE
CERTAIN EXHIBITS INCLUDED IN DEFENDANTS' APPENDIX

TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................1

II. ARGUMENT................................................................................................................2

    A. Matters that May Be Considered on a Motion to Dismiss......................................2

    B. Defendants' Attempts to Introduce Evidence at the Pleading Stage Are Improper and Such Evidence Should Not Be Considered by the Court ..................3

        1. Exhibits 23-26, 30, 32-33 (SEC Form 8-K Filed on May 5, 2006 Purporting Existence of Rule 10(b)5-1 Trading Plans) and 35 Are Not Referenced in the Complaint ................................................................4

    C. The Court May Take Judicial Notice of Exhibits in Appendix, but Only for the Limited Purpose of Establishing Existence of the Statements in the Document........................................................................................................9

III. CONCLUSION...........................................................................................................10

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Bryant v. Avado Brands, Inc.*,
    187 F.3d 1271 (11th Cir. 1999) .................................................................................2, 3, 9

*D.E. & J L.P. v. Conaway*,
    284 F. Supp. 2d 719 (D. Mich. 2003) .................................................................................5

*Ganino v. Citizens Utils. Co.*,
    228 F.3d 154 (2d Cir. 2000)..............................................................................................5, 6

*Guerra v. Teradyne Inc.*,
    2004 U.S. Dist. LEXIS 28547
    (D. Mass. Jan. 16, 2004) ......................................................................................................6

*Hennessy v. Penril Datacomm Networks*,
    69 F.3d 1344 (7th Cir. 1995) ...............................................................................................3

*Hirata Corp. v. J.B. Oxford & Co.*,
    193 F.R.D. 589 (S.D. Ind. 2000)..........................................................................................4

*In re Alstom SA Sec. Litig.*,
    2005 U.S. Dist. LEXIS 35642
    (S.D.N.Y. Dec. 22, 2005) ....................................................................................................8

*In re Cabletron Sys., Inc.*,
    311 F.3d 11 (1st Cir. 2002)........................................................................................2, 7, 8

*In re Digital Equip. Corp. Sec. Litig.*,
    601 F. Supp. 311 (D. Mass. 1984) .......................................................................................2

*In re Donald J. Trump Casino Sec. Litig.*,
    7 F.3d 357 (3d Cir. 1993) ....................................................................................................2

*In re Network Equip. Tech., Inc., Litig.*,
    762 F. Supp. 1359 (N.D. Cal. 1991) ....................................................................................3

*In re Polaroid Corp. Sec. Litig.*,
    134 F. Supp. 2d 176 (D. Mass. 2001) ..............................................................................5, 7

*In re Publ'n Paper Antitrust Litig.*,
    2005 U.S. Dist. LEXIS 19896,
    (D. Conn. Sept. 6, 2005) .....................................................................................................9

**Page**

*In re Towne Serv. Sec. Litig.*,
    184 F. Supp. 2d 1308 (N.D. Ga. 2001) ................................................................10

*Int'l Audiotext Network v. AT&T*,
    62 F.3d 69 (2d Cir. 1995) .................................................................................7, 8

*JP Morgan Chase Bank v. Winnick*,
    2005 U.S. Dist. LEXIS 17968
    (S.D.N.Y. Aug. 15, 2005) ......................................................................................9

*Kramer v. Time Warner, Inc.*,
    937 F.2d 767 (2d Cir. 1991) ......................................................................2, 3, 8, 9

*Lovelace v. Software Spectrum, Inc.*,
    78 F.3d 1015 (5th Cir. 1996) ............................................................................2, 8, 9

*Oran v. Stafford*,
    226 F.3d 275 (3d Cir. 2000) ..................................................................................3

*Parnes v. Gateway 2000*,
    122 F.3d 539 (8th Cir. 1997) ................................................................................2

*Provenz v. Miller*,
    102 F.3d 1478 (9th Cir. 1996) ..............................................................................8

*Romani v. Shearson Lehman Hutton*,
    929 F.2d 875 (1st. Cir. 1991) ................................................................................6

*Shaw v. Digital Equip. Corp.*,
    82 F.3d 1194 (1st Cir. 1996) ............................................................................4, 10


**STATUTES, RULES AND REGULATIONS**

15 U.S.C
    §78u-4(b)(3) .........................................................................................................1

Federal Rules of Civil Procedure
    Rule 12(b)(6) ...............................................................................................1, 3, 10

**Page**

Federal Rules of Evidence
    Rule 201(b) ....................................................................................................................3
    Rule 402 .....................................................................................................................5, 7

17 C.F.R.
    §240.10b-5 ....................................................................................................................7

## MISCELLANEOUS

Barron's *Finance & Investment Handbook*, pages 706-07 (5th ed. 1998) ........................................5

**I.     INTRODUCTION**

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), defendants in securities actions have two choices – they can either: (i) answer the complaint and comply with discovery obligations; or (ii) move under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim, thereby triggering the PSLRA's automatic stay of discovery during the pendency of the motion. *See* 15 U.S.C §78u-4(b)(3)(B). In this case, defendants have moved to dismiss the Complaint,[1] forcing a discovery stay on plaintiffs, while at the same time asking this Court to determine certain substantive factual issues in defendants' favor based on their submission of documents neither referenced nor incorporated in the Complaint. Defendants' strategy offends the purpose of a Rule 12(b)(6) motion. Defendants' submission of materials outside the Complaint is also an admission that defendants can only prevail on their motion by introducing their version of the facts and that the Complaint otherwise states a claim.

Defendants have submitted 35 exhibits to their Appendix of Documents Submitted in Support of Defendants' Motion to Dismiss the Consolidated Complaint ("Defs' App."). Eight of the exhibits (23-26, 30, 32-33,[2] 35) (hereafter, "Exhibit __") are not referenced in the Complaint nor relied upon in any way by plaintiffs, and defendants make several factual contentions concerning these documents which may not be considered by the Court without improperly introducing and resolving issues of fact. These documents should be stricken and not considered for this motion.

---

[1]     "Complaint" refers to Lead Plaintiffs' [Corrected] Consolidated Complaint for Violation of the Federal Securities Laws, filed February 3, 2006.

[2]     Exhibit 33 contains defendants' U.S. Securities and Exchange Commission ("SEC") filings allegedly made pursuant to Rule 10(b)5-1 trading plans. As part of Exhibit 33, defendants submitted a Form 8-K filed on May 5, 2006 that claims that defendants' class period trades, with trades going back to 2001, were made pursuant to Rule 10(b)5-1 trading plans. Plaintiffs seek to strike the May 5, 2006 Form 8-K.

The rest of the documents are referenced in the Complaint and may be incorporated by reference. However, defendants make numerous arguments and statements which would require the Court to accept the documents for the truth of the matters asserted in those documents. This is improper.

## II.     ARGUMENT

### A.     Matters that May Be Considered on a Motion to Dismiss

In considering defendants' motion to dismiss, the Court must read the Complaint in a light most favorable to plaintiffs, presume the truth of the Complaint's allegations, and give plaintiffs the benefit of all reasonable inferences to be drawn from the allegations. *In re Cabletron Sys., Inc.*, 311 F.3d 11, 22 (1st Cir. 2002). As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings without converting the motion to dismiss into a motion for summary judgment. *See, e.g., In re Digital Equip. Corp. Sec. Litig.*, 601 F. Supp. 311 (D. Mass. 1984) (Under Rule 12(b)(6), if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . .").[3]

This is consistent with Fed. R. Evid. 201 which permits a court to take judicial notice of facts that are "not subject to reasonable dispute" and that are "capable of accurate and ready determination

---

[3]     *See also Parnes v. Gateway 2000*, 122 F.3d 539, 546 n.7 (8th Cir. 1997) ("Normally, a district court's decision to consider matters outside of the pleadings will transform a motion to dismiss for failure to state a claim into a motion for summary judgment."); *In re Donald J. Trump Casino Sec. Litig.*, 7 F.3d 357, 368 n.9 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." (quotations and citation omitted)); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276 (11th Cir. 1999) (holding that court may take judicial notice of SEC filings for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) (same); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (holding that court may take notice of SEC filings but not press releases and other public announcements).

by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). For this reason, a court cannot rely on documents that fail to meet the tenets of Rule 201(b) for the truth of the matters contained therein. Even SEC filings, for example, can only be noticed to establish that particular statements were or were not made, and their context, as opposed to relying on them for the truth of the statements contained therein. *Bryant*, 187 F.3d at 1276.[4]

Therefore, critical to this Court's determination of whether the documents contained in defendants' appendix can be judicially noticed is the purpose for which each document has been submitted by defendants. This Court should deny defendants' motions for judicial notice insofar as they seek notice of the truth of the contents of the documents submitted.

### B. Defendants' Attempts to Introduce Evidence at the Pleading Stage Are Improper and Such Evidence Should Not Be Considered by the Court

Defendants contend that the Complaint fails to allege facts supporting elements of plaintiffs' securities fraud claims – false and misleading statements and scienter. However, defendants go beyond arguing that the allegations in the Complaint are deficient and, in some instances, improperly substitute their own factual claims and conclusions to counter the particularized allegations of the Complaint. But defendants' motion is a Rule 12(b)(6) motion – the purpose of which is to test the sufficiency of the pleadings. Indeed, in making their motion, defendants must concede that every

---

[4] For example, in *Hennessy v. Penril Datacomm Networks*, 69 F.3d 1344, 1354-55 (7th Cir. 1995), the Seventh Circuit held that it would be improper to accept as fact that assertion contained in a company's SEC Form 10-K that it had 398 employees. The court noted, "In order for a fact to be judicially noticed, indisputability is prerequisite." *Id.*; s*ee also Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (holding that parties may seek judicial notice of documents "not to prove the truth of their contents but only to determine what the documents stated" (quoting *Kramer*, 937 F.2d at 774)); *In re Network Equip. Tech., Inc., Litig.*, 762 F. Supp. 1359, 1363 (N.D. Cal. 1991) ("Court[s] should not use judicial notice to generate an evidentiary record and then weigh evidence – which plaintiffs have not had the opportunity to challenge – to dismiss plaintiffs' complaint.").

factual conclusion is resolved in plaintiffs' favor, and the Complaint *still* does not provide a basis for relief to be granted. The parties may test issues of fact at a trial only after the parties have had the opportunity to conduct discovery. Accordingly, courts should be "diligent in policing the line between those documents included as part of the pleadings and those that constitute evidence [which] while presumably admissible and relevant at trial, nonetheless are not properly considered on a motion to dismiss." *Hirata Corp. v. J.B. Oxford & Co.*, 193 F.R.D. 589, 593 (S.D. Ind. 2000).

### 1. Exhibits 23-26, 30, 32-33 (SEC Form 8-K Filed on May 5, 2006 Purporting Existence of Rule 10(b)5-1 Trading Plans) and 35 Are Not Referenced in the Complaint

Defendants improperly submit documents not referenced or quoted in the Complaint, and in so doing, improperly attempt to broaden the scope of the Court's review on the motion. These documents cannot be considered at all.[5] *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996) (matters outside the pleadings may not be considered by a court on a motion to dismiss).

Exhibit 23 (Statement of Alan Greenspan, Federal Reserve Board's Semiannual Monetary Policy Report to Congress Before the Committee on Senate Banking, Housing, and Urban Affairs, dated February 16, 2005) is not referenced or relied upon in the Complaint. Defendants submit Exhibit 23 to argue that in the first quarter of 2005, Alan Greenspan thought that the worldwide flattening of the yield curve was a "conundrum," and argue that the Court "may take judicial notice of market phenomena." MTD at 3.[6] However, Mr. Greenspan's testimony (an event that occurred almost five months prior to the end of the class period) is irrelevant to the Court's task of testing the

---

[5] The documents plaintiffs seek to strike are listed in Exhibit A to the Declaration of Jeffrey W. Lawrence in Support of Plaintiffs' Motion to Strike Certain Exhibits Included in Defendants' Appendix ("Lawrence Declaration").

[6] "MTD" refers to Defendants' Motion to Dismiss the Consolidated Complaint in its Entirety.

sufficiency of the pleadings. *See* Fed. R. Evid. 402 (evidence not relevant is inadmissible); *In re Polaroid Corp. Sec. Litig.*, 134 F. Supp. 2d 176, 182 (D. Mass. 2001); *see also Guerra v. Teradyne Inc.*, No. 01-11789-NG, 2004 U.S. Dist. LEXIS 28547 (D. Mass. Jan. 16, 2004) (fact-based defense that stock decline was consistent with the industry not relevant to determining whether complaint states a cause of action).

Defendants cite *D.E. & J L.P. v. Conaway*, 284 F. Supp. 2d 719, 749 (D. Mich. 2003) to contend that the Court may take judicial notice of market phenomena which they claim includes Mr. Greenspan's comments. Not so. *D.E. & J L.P.* cites *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 167 (2d Cir. 2000) which states that a district court may take judicial notice of well-publicized stock prices because the company's stock price is integral to plaintiffs' fraud-on-the-market theory. Here, Mr. Greenspan's comments are not integral to any of plaintiffs' allegations. Indeed, it is doubtful when Mr. Greenspan's comments would ever be an admissible part of the defense – even assuming Mr. Greenspan was to testify. Therefore, Exhibit 23 should be stricken.

Similarly, Exhibit 24 (FDCH Business Transcripts, *Citigroup—CFO Interview*, by Maria Bartiromo, July 19, 2005), Exhibit 25 (American Banker (USA), *B of A to Slow Its Corporate Expansion*, by Paul Davis, July 19, 2005) and Exhibit 26 (Barron's *Finance & Investment Handbook*, pages 706-07 (5th ed. 1998) (providing the definition of "yield curve")) are not referenced or relied upon in the Complaint. Defendants submit Exhibits 24-25 to argue that other companies' executives were surprised by the flat yield curve and that they should be judicially noticed "solely for background purposes." MTD at 2, n.5. But what other companies did or did not know, or the actions that they took, has nothing to do with ***defendants'*** liability for fraudulent actions. Moreover, it is clear from defendants' ***own*** statements that ***they*** were not surprised by the flattening yield curve. *See, e.g.*, Complaint ¶13, Ex. J at 6 (the "flattening of the yield curve [is]

baked into our guidance"). Defendants submit these articles for the truth of the untested information contained therein, *i.e.*, to show that Investors Financial Services Corporation's ("Investors Financial" or the "Company") earnings fell, along with other companies, due to a flatter than expected yield curve. However, factual arguments cannot be decided in the reply on a motion to dismiss. In *Guerra*, 2004 U.S. Dist. LEXIS 28547, at **7-8, the court determined that the general state of the industry is not relevant in determining whether the complaint states a cause of action. There, the court stated that:

> This court recognizes that in certain circumstances it may be appropriate for a court to take judicial notice of a stock index. Nevertheless, in the instant case, the state of the industry in general is not relevant to whether the Complaint states a cause of action. Thus, if the Complaint states a claim of fraud, Teradyne might seek to defend itself by arguing that its stock decline was consistent with the industry, making the stock index relevant. At the present stage of this case, however, such a fact-based defense is not relevant. The stock index relates to information beyond the Complaint and is not referenced in the Complaint. The motion to strike, therefore, is allowed.

*Id*.

Thus, because Exhibits 24-26 are not referenced in the Complaint, they are incapable of being judicially noticed. *Romani v. Shearson Lehman Hutton*, 929 F.2d 875 (1st. Cir. 1991).

Exhibit 32 (Risk Free Market Rates for 3-Month Treasury Notes) is not referenced or relied upon in the Complaint. Despite defendants' admission that "[f]ederal agency bonds generally have a higher yield than U.S. Treasury securities" (Defs' App., Ex. 4 at 43), defendants nonetheless submit Exhibit 32 to argue that the Court should use 3-month treasury rates to determine that the Company's Small Business Association ("SBA") securities were not impaired. However, plaintiffs have pled in the Complaint that the risk-free rate of interest is used to determine whether the Company's securities are impaired. The Company's auditor Deloitte & Touche LLP agrees. *See* Complaint, Ex. A at 11. As such, the Court must presume the truth of the Complaint's allegations

and give plaintiffs the benefit of all reasonable inferences to be drawn from the allegations. *Cabletron*, 311 F.3d at 22.

Similarly, Exhibit 30 (Bloomberg's SBA Pool Data) is not referenced or relied upon in the Complaint.  Defendants submit Exhibit 30 to argue that SBA variable rate securities are reset monthly and quarterly.  However, Exhibit 30 is a single security description of a SBA Pool that plaintiffs have not alleged, and defendants have not claimed, to have owned.  *See* Fed. R. Evid. 402 (evidence not relevant is inadmissible).  In sum, Exhibits 30 and 32 are incapable of being judicially noticed and should be stricken.

Exhibit 33 (SEC Form 8-K filed on May 5, 2006 that claims that the majority of defendants' trading, going as far back as 2001, was made pursuant to existing Rule 10(b)5-1 trading plans) is not referenced or relied upon in the Complaint.  Notable, is the fact that defendants did not amend their previously filed SEC Form 4 filings (some of which were allegedly made pursuant to trading plans) and instead choose to slip the SEC Form 8-K filed post-class period among defendants' class period SEC Form 4 filings in Exhibit 33.  Because Rule 10(b)5-1 trading plans are an affirmative defense not considered on a motion to dismiss (*See* 17 C.F.R. §240.10b-5. ("Affirmative defenses")), their inclusion is irrelevant to this proceeding and must be excluded.  *See* Fed. R. Evid. 402 (evidence not relevant is inadmissible); *Polaroid Corp.*, 134 F. Supp. 2d at 182.  Furthermore, all disputes about contents of documents must be resolved in favor of plaintiffs at the motion to dismiss stage.  *Int'l Audiotext Network v. AT&T*, 62 F.3d 69, 72 (2d Cir. 1995).  Thus, defendants' SEC Form 8-K filed on May 5, 2006 should be stricken.

Exhibit 35 (defendant John N. Spinney's SEC Form 4 filings) is/are not referenced in the Complaint.[7] Defendants argue that defendant Spinney did not sell stock. Plaintiffs' basis for the allegation that defendant Spinney sold 200 shares comes from defendant Spinney's SEC Form 4 filed on December 12, 2002. Defs' App., Ex. 35 at 10 (counting front-pages and back-pages). Defendant Spinney's sale is a disputed fact that must be resolved in plaintiffs' favor on a motion to dismiss. *Cabletron*, 311 F.3d at 22.

Defendants also argue that defendant Spinney's purchase of 10,150 shares negates scienter. Documents filed with the SEC can be considered merely "to determine what the documents stated," "not to prove the truth of their contents." *Kramer*, 937 F.2d at 774; *Lovelace*, 78 F.3d at 1018; *In re Alstom SA Sec. Litig.*, No. 03 Civ. 6595 (VM), 2005 U.S. Dist. LEXIS 35642, at *11 (S.D.N.Y. Dec. 22, 2005). However, these documents were submitted to persuade the Court to improperly draw an inference contrary to plaintiffs' allegations of motive and opportunity. MTD at 34, 38; *Int'l Audiotext*, 62 F.3d at 72 (disputes about contents of documents must be resolved in favor of plaintiffs at motion to dismiss stage), given Spinney position and knowledge as CFO, such an inference is unwarranted. *See, e.g., Provenz v. Miller*, 102 F.3d 1478, 1491 (9th Cir. 1996) (summary judgment denied because CFO was directly and personally responsible for the financial reporting even though stock sales were minimal).

This Court should note that the majority of the shares purchased by defendant Spinney are made through an option exercise ***without*** a corresponding sale in the stock. Thus, if defendants are to be believed that defendant Spinney's exercising to hold behavior is irrational (outlaying a substantial amount of cash to hold stock while option achieves same return), this raises questions of

---

[7] With the exception of defendant Spinney's December 5, 2002 SEC Form 4 that reports a sale of 200 shares that occurred on August 12, 2002.

facts regarding these trades, such as if defendant Spinney has pledged these shares for collateral against a loan or has somehow monetized these shares.[8]  Factual contests are for trial and are not appropriate at the motion to dismiss stage.  *See In re Publ'n Paper Antitrust Litig.*, Docket No. 3:04 MD 1631 (SRU), 2005 U.S. Dist. LEXIS 19896, at **19-20 (D. Conn. Sept. 6, 2005).

Moreover, as the information contained in the SEC Form 4 filings were provided by defendants, plaintiffs dispute the accuracy of these documents.  *See* Fed. R. Evid. 201(b) (documents not judicially noticeable unless capable of accurate and ready determination by resorting to sources whose accuracy cannot reasonably be questioned).  Because their accuracy is not capable of accurate and ready determination by resort to the SEC Forms 4 filings, this Court should decline to judicially notice these filings.  *Id.*; *see also JP Morgan Chase Bank v. Winnick*, No. 03 Civ. 8535 (GEL), 2005 U.S. Dist. LEXIS 17968, at *5 n.2 (S.D.N.Y. Aug. 15, 2005) (even under the PSLRA, plaintiff is entitled to "all reasonable inferences," not simply the "most plausible of competing inferences") (internal citations omitted).

> C.  **The Court May Take Judicial Notice of Exhibits in Appendix, but Only for the Limited Purpose of Establishing Existence of the Statements in the Document**

The remaining exhibits may be subject to judicial notice ***only*** to establish what statements the documents contain, not to prove the truth of the documents' contents.  *See, e.g., Bryant*, 187 F.3d at 1278; *Lovelace*, 78 F.3d at 1018; *Kramer*, 937 F.2d at 767.  Defendants have submitted the vast bulk of exhibits for the improper purpose of proving the truth of the matter asserted.  For example, in their motion to dismiss, defendants submit Exhibit 21 (Investors Financial's December 16, 2004 press

---

[8] *See* DerivativeStrategy.com, Cashing Out: Monetization trades can turn illiquid stock holding into cold cash.  But what do shareholders and the SEC need to know?, by Nina Mehta, http://www.derivativesstrategy. com/magazine/archive/ 2000/0900fea1.asp.

release) to argue that this press release contained "meaningful cautionary language" identifying all potential risks and uncertainties. MTD at 14. However, whether the press release actually contained meaningful cautionary language is a question of fact that cannot be resolved on a Rule 12(b)(6) motion to dismiss. *See Shaw*, 82 F.3d at 1214 ("bespeaks caution doctrine [codified in PSLRA] provides basis for dismissal as matter of law 'only when reasonable minds could not disagree as to whether the mix of information in the [allegedly actionable] document is misleading'"). Defendants' purpose for submitting the remaining documents is found in Exhibit B to Lawrence Declaration. In sum, the Court may take judicial notice of these documents "to the extent they establish the content of statements attributed to the defendants, but not for any other purpose." *In re Towne Serv. Sec. Litig.*, 184 F. Supp. 2d 1308, 1313 (N.D. Ga. 2001).

**III.   CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that this Court grant plaintiffs' motion to strike from consideration Exhibits 23-26, 30, 32-33, 35. The remaining exhibits may be subject to judicial notice only to establish what statements the documents contain, not to prove the truth of the documents' contents. Should the Court consider the contents and truths of the above documents, thus converting this motion to a summary judgment motion, plaintiffs ask for an equal opportunity to conduct discovery.

DATED:  September 19, 2006    Respectfully submitted,

    LERACH COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
    JEFFREY W. LAWRENCE
    JAMES W. OLIVER

    /s/ Jeffrey W. Lawrence
    JEFFREY W. LAWRENCE (BBO #289140)

    100 Pine Street, Suite 2600
    San Francisco, CA 94111
    Telephone: 415/288-4545
    415/288-4534 (fax)

    Lead Counsel for Plaintiffs

    KRAKOW & SOURIS, LLC
    AARON D. KRAKOW (BBO No. 544424)
    CHRISTOPHER N. SOURIS (BBO No. 556343)
    225 Friend Street
    Boston, MA 02114
    Telephone: 617/723-8440
    617/723-8443 (fax)

    Liaison Counsel

    CAVANAGH & O'HARA
    WILLIAM K. CAVANAGH, JR.
    407 East Adams Street
    Springfield, IL 62701
    Telephone: 217/544-1771
    217/544-9894 (fax)

    SUGARMAN & SUSSKIND
    ROBERT SUGARMAN
    2801 Ponce De Leon Blvd., Suite 750
    Coral Gables, FL 33314
    Telephone: 305/529-2801
    305/447-8115 (fax)

    Additional Counsel for Plaintiffs

T:\CasesSF\InvestorsFinancialServices\MEM00034511.doc

CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/ Jeffrey W. Lawrence
JEFFREY W. LAWRENCE (BBO #289140)

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:  jeffreyl@lerachlaw.com

# Mailing Information for a Case 1:05-cv-11627-RCL

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Pavel Bespalko**
  pavel@bespalko.com

- **Joel Z. Eigerman**
  joel@eigerman.com

- **Jason D. Frank**
  jason.frank@bingham.com

- **William R. Harb**
  william.Harb@bingham.com

- **Jordan D. Hershman**
  jordan.hershman@bingham.com

- **Theodore M. Hess-Mahan**
  ted@shulaw.com

- **Alan L. Kovacs**
  alankovacs@yahoo.com

- **Jeffrey W. Lawrence**
  jeffreyl@lcsr.com

- **James Paul Lucking**
  james.lucking@Bingham.com

- **James W. Oliver**
  jimo@lerachlaw.com e_file_sf@lerachlaw.com;e_file_sd@lerachlaw.com

- **David Pastor**
  dpastor@gilmanpastor.com rdambrosio@gilmanpastor.com

- **Thomas G. Shapiro**
  tshapiro@shulaw.com sgeresy@shulaw.com

- **Christopher N. Souris**
  csouris@krakowsouris.com

- **Marc A. Topaz**
  ecf_filings@sbclasslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`