UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE ARCHDIOCESE OF MILWAUKEE SUPPORTING FUND, On Behalf of Plaintiff and All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>INVESTORS FINANCIAL SERVICES CORP., et al.,<br><br>　　　　　　　　　　Defendants. | No. 1:05-cv-11627-RCL<br>**(Consolidated)**<br><br><u>CLASS ACTION</u> |

DECLARATION OF JEFFREY W. LAWRENCE IN SUPPORT OF PLAINTIFFS' MOTION
TO STRIKE CERTAIN EXHIBITS INCLUDED IN DEFENDANTS' APPENDIX

I, Jeffrey W. Lawrence, declare as follows:

I am a partner in the Lerach Coughlin Stoia Geller Rudman & Robbins LLP law firm, lead counsel for plaintiffs and the class in this action. I am admitted to practice before this Court. I submit this Declaration in Support of Plaintiffs' Motion to Strike Certain Exhibits Included in Defendants' Appendix.

1. Attached hereto as plaintiffs' Exhibit A is a true and correct copy of a chart reflecting defendants' exhibits that plaintiffs seek to strike.

2. Attached hereto as plaintiffs' Exhibit B is a true and correct copy of a chart reflecting defendants' arguments and exhibits requesting the Court to improperly accept the documents for the truth of the matters asserted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in San Francisco, California, on September 19, 2006.


      /s/ Jeffrey W. Lawrence
         JEFFREY W. LAWRENCE

T:\CasesSF\InvestorsFinancialServices\DEC00034749.doc

CERTIFICATE OF SERVICE

    I hereby certify that on September 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    /s/ Jeffrey W. Lawrence
JEFFREY W. LAWRENCE (BBO #289140)

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:  jeffreyl@lerachlaw.com

# Mailing Information for a Case 1:05-cv-11627-RCL

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Pavel Bespalko**
  pavel@bespalko.com

- **Joel Z. Eigerman**
  joel@eigerman.com

- **Jason D. Frank**
  jason.frank@bingham.com

- **William R. Harb**
  william.Harb@bingham.com

- **Jordan D. Hershman**
  jordan.hershman@bingham.com

- **Theodore M. Hess-Mahan**
  ted@shulaw.com

- **Alan L. Kovacs**
  alankovacs@yahoo.com

- **Jeffrey W. Lawrence**
  jeffreyl@lcsr.com

- **James Paul Lucking**
  james.lucking@Bingham.com

- **James W. Oliver**
  jimo@lerachlaw.com e_file_sf@lerachlaw.com;e_file_sd@lerachlaw.com

- **David Pastor**
  dpastor@gilmanpastor.com rdambrosio@gilmanpastor.com

- **Thomas G. Shapiro**
  tshapiro@shulaw.com sgeresy@shulaw.com

- **Christopher N. Souris**
  csouris@krakowsouris.com

- **Marc A. Topaz**
  ecf_filings@sbclasslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

# Exhibit A

**Defendants' Exhibits that Plaintiffs Seek to Strike**

| Appendix | Document | Brief Cite | Defendants' Assertion |
|---|---|---|---|
| 23 | Testimony of Alan Greenspan, dated February 16, 2005 | Defs' MTD 3 | (statement by Alan Greenspan describing bond market prices) |
| 24 | FDCH Business Transcripts, Citigroup—CFO Interview, by Maria Bartiromo, July 19, 2005 | Defs; MTD 2 | (statement by Citigroup CFO in explaining Citigroup's Q2 05 results that his "guys in the trading side were not expecting the yield curve to flatten the way it has.") |
| 25 | American Banker (USA), B of A to Slow Corporate Expansion, by Paul Davis, July 19, 2005 | Defs' MTD 2 | (statement by Marc Oken, the CFO of Bank of America, that that Bank of America's earnings were adversely affected by the yield curve, which "flattened beyond expectations.") |
| 26 | Barron's Finance and Investment Handbook, pages 706-07 (5th ed. 1998) | Defs' MTD 2 | (definition of yield curve) |
| 30 | Security Description of a SBA Pool | Defs' MTD 32 | (single security description of a SBA Pool describing interest rate reset is applicable to all SBA securities) |
| 32 | Chart with 3-month Treasury Notes | Defs' MTD 32 and fn 24 | (three-month treasury is proper security to analyze for impairment, demonstrating that SBA securities not impaired) |
| 33 | May 5, 2006 Form 8-K | Defs' MTD 16 fn.12 | (defendants' claim in 2006 that defendants Class Period trades, as far back as 2001, were made pursuant to Rule 10b5-1 trading plans) |
| 35 | Defendant John N. Spinney, Jr.'s Form 4 filings | Defs' MTD 17 and n.14 | (to show that defendant Spinney did not sell shares, but bought shares) |

# Exhibit B

**Defendants' Improper Citations to SEC Filings and Conference Calls**

| Appendix | Document | Brief Cite | Defendants' Assertion |
|---|---|---|---|
| 1 | September 31, 2002 Form 10-Q | Defs' MTD 34 | (mortgage-backed prepayment warning sufficient warning for other securities types) |
| 2 | March 31, 2003 Form 10-Q | Defs' MTD 34 | (mortgage-backed prepayment warning sufficient warning for other securities types) |
| 3 | June 30, 2003 Form 10-Q | Defs' MTD 32 | (SBA securities are variable rate securities) |
| 4 | December 31, 2003 Form 10-K | Defs' MTD 1 n.3, Defs' MTD 9, Defs' MTD 34 | (that Investors Financial lawfully met or exceeded its 25% earnings growth guidance), (company disclosed risk of prepayment for all securities by disclosing risk of only mortgage-backed securities) |
| 5 | December 31, 2003 Amended Form 10-K | Defs' MTD 26, Defs' MTD 34 | (25% growth rate achieved regardless of method), (company disclosed risk of prepayment for all securities by disclosing risk of only mortgage-backed securities) |
| 6 | March 31, 2004 Amended Form 10-Q | Defs' MTD 26 | (25% growth rate achieved regardless of method) |
| 7 | June 7, 2004 Form 8-K | Defs' MTD 20 n.16, Defs' App 7, 9, 12, 13, 14, 15, 16, 18 | (that guidance given pre-restatement was identified as forward-looking and contained meaningful cautionary language) |
| 8 | June 30, 2004 Amended Form 10-Q | Defs' MTD 26 | (25% growth rate achieved regardless of method) |
| 9 | September 28, 2004 Form 8-K | Defs' MTD 20 n.16, Defs' App 7, 9, 12, 13, 14, 15, 16, 18 | (that guidance given pre-restatement was identified as forward-looking and contained meaningful cautionary language) |
| 10 | September 30, 2004 Form 10-Q | Defs' MTD 6, Defs' App 4, 10 | (that $6.2 million net interest income adjustment is immaterial as Investors Financial reported $1.6 million in operating revenue), (SEC filings incorporated into guidance gave sufficient warnings) |
| 11 | December 31, 2004 Form 10-K | Defs' MTD 1 n.1. Defs' MTD 5, Defs' MTD 7 | (that Company's financial results are dependent on movement in short-term interest rates), (that restated financial results grew by 25% or more each year), (restatement immaterial to earnings) |

| Appendix | Document | Brief Cite | Defendants' Assertion |
|---|---|---|---|
| 12 | Transcript of July 11, 2002 Conference Call | Defs' MTD 1, Defs' MTD 20 n.16, Defs' App 7, 9, 12, 13, 14, 15, 16, 18 | (that Investors Financial lawfully met or exceeded its 25% earnings growth guidance), (that guidance given pre-restatement was identified as forward-looking and contained meaningful cautionary language) |
| 13 | Transcript of October 10, 2002 Conference Call | Defs' MTD 20 n.16, Defs' App 7, 9, 12, 13, 14, 15, 16, 18 | (that guidance given pre-restatement was identified as forward-looking and contained meaningful cautionary language) |
| 14 | January 23, 2003 Press Release | Defs' MTD 20 n.16, Defs' App 7, 9, 12, 13, 14, 15, 16, 18 | (that guidance given pre-restatement was identified as forward-looking and contained meaningful cautionary language) |
| 15 | Transcript of January 23, 2003 Conference Call | Defs' MTD 1, Defs' MTD 20 n.16, Defs' App 7, 9, 12, 13, 14, 15, 16, 18 | (that Investors Financial lawfully met or exceeded its 25% earnings growth guidance), (that guidance given pre-restatement was identified as forward-looking and contained meaningful cautionary language) |
| 16 | April 10, 2003 Press Release | Defs' MTD 20 n.16, Defs' App 7, 9, 12, 13, 14, 15, 16, 18 | (that guidance given pre-restatement was identified as forward-looking and contained meaningful cautionary language) |
| 17 | January 22, 2004 Press Release | Defs' MTD 1 | (that Investors Financial lawfully met or exceeded its 25% earnings growth guidance), (that Investors Financial lawfully met or exceeded its 25% earnings growth guidance) |
| 18 | July 14, 2004 Press Release | Defs' MTD 20 n.16, Defs' App 7, 9, 12, 13, 14, 15, 16, 18 | (that guidance given pre-restatement was identified as forward-looking and contained meaningful cautionary language) |
| 19 | November 15, 2004 Press Release | Defs' MTD 26 | (because Investors Financial's revised upward its net interest income and operating revenues for 2003-2004, it cannot support plaintiffs' motive allegations) |
| 20 | Transcript of November 15, 2004 Conference Call | Defs' MTD 30 | ("clerical error" of adjusting yields was consistent with income recognized and therefore not required to correct financials) |
| 21 | December 16, 2004 Press Release | Defs' MTD 8 | (December 16, 2005 press release containing guidance was adequately identified as a forward-looking |

| Appendix | Document | Brief Cite | Defendants' Assertion |
|---|---|---|---|
| | | | statement and contained "meaningful cautionary language" identifying all potential risks and uncertainties) |
| 22 | July 14, 2005 Press Release | Defs' MTD 2-3 | (that "key factors" such as " a flatter than expected yield curve" and "narrower than expected reinvestment spreads" caused its decrease in guidance from 25% to 10%) |
| 33 | Defendants' Form 4 Filings Claiming Trades Made Pursuant to Rule 10b5-1 Plans | Defs' MTD 16 n.12, Defs' MTD 18 | (insider stock sales cannot give rise to scienter because made pursuant to trading plans), (all or most of sales made during class period for four of the seven defendants were made pursuant to Rule 10b5-1 trading plans and cannot support an inference of scienter) |
| 34 | SEC Filings Evidencing Holdings of Stock and Vested Options by Edmund J. Maroney, John E. Henry and Robert D. Mancuso | Defs' MTD 14 and n.11 | (defendants' calculation of percentages of stock and options sold weakens an inference of scienter) [change brief not to say accept defs' calculations] (correct holdings of stock and exercisable options for Maroney, Mancuso, and Henry) |