UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE ARCHDIOCESE OF MILWAUKEE ) <br> SUPPORTING FUND, On Behalf of ) <br> Plaintiff and All Others Similarly Situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> INVESTORS FINANCIAL SERVICES ) <br> CORP., et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> NO. 05-11627-RCL <br> (Consolidated) |

**MEMORANDUM OF DECISION
AND ORDER ON PLAINTIFFS' REQUEST
FOR JUDICIAL NOTICE AND MOTION TO STRIKE**

July 31, 2007

DEIN, U.S.M.J.

This is a consolidated securities class action in which the lead plaintiffs, the Ironworkers St. Louis District Council Pension Fund and the City of Deerfield Beach Non-Uniform Employees Retirement Plan, have asserted claims on behalf of themselves and the class of persons who purchased or otherwise acquired the publicly traded securities of defendant Investors Financial Services Corporation ("Investors Financial") between April 10, 2001 and July 14, 2005 (the "Class Period"). The plaintiffs claim, in essence, that Investors Financial and seven of its officers, including defendants Kevin Sheehan, Michael F. Rogers, John N. Spinney, Karen C. Keenan, Robert D. Mancuso, Edmund J. Maroney and John E. Henry, engaged in a fraudulent scheme designed to

artificially inflate Investors Financial's diluted earnings per share and to deceive investors and the market about the company's true financial condition and future earnings prospects by performing accounting manipulations and disseminating false and misleading statements. The matter is presently before the court on the defendants' motion to dismiss the consolidated complaint (Docket No. 32). In connection with their opposition to the motion to dismiss, the plaintiffs have filed an unopposed "Plaintiffs' Request for Judicial Notice" (Docket No. 49) in which they have asked the court to take judicial notice of eight exhibits that are attached to the "Declaration of Jeffrey W. Lawrence in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss Consolidated Complaint and Request for Judicial Notice" (Docket No. 50). Additionally, the plaintiffs have filed "Plaintiffs' Motion to Strike Certain Exhibits Included in Defendants' Appendix" (Docket No. 46) in which they are seeking an order striking eight of the exhibits that the defendants submitted as part of their "Appendix of Documents Submitted in Support of Defendants' Motion to Dismiss the Consolidated Complaint" (Docket No. 42). For the reasons detailed herein, the plaintiffs' request for judicial notice is ALLOWED and their motion to strike is ALLOWED as to Exhibits 23-25 and 30, and is otherwise DENIED.

     A.    **<u>Plaintiffs' Request for Judicial Notice</u>**

The plaintiffs have requested that the court take judicial notice of eight documents, including six documents that the defendants filed with the Securities and Exchange Commission ("SEC"), the SEC's Final Rule entitled "Management's Reports on Internal

Control Over Financial Reporting and Certification of Disclosure in Exchange Act Periodic Reports," and a Bloomberg chart of daily stock prices for Investors Financial from April 10, 2001 to July 15, 2005. The defendants have submitted no opposition to the plaintiffs' request, and this court finds that judicial notice of these documents is appropriate.

Ordinarily, on a motion to dismiss, the court may not consider documents not attached to the complaint or expressly incorporated therein without converting the motion into one for summary judgment. See Fed. R. Civ. P. 12(b)(6); Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). However, there are limited exceptions to this rule "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson, 987 F.2d at 3. Additionally, under Fed. R. Evid. 201(b), a court may take judicial notice of a fact "not subject to reasonable dispute" because it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Each of the documents submitted by the plaintiffs may be judicially noticed and considered by this court in connection with the defendants' motion to dismiss. The SEC's Final Rule pertaining to internal control over financial reporting is an official public record that is appropriately considered on a motion to dismiss. Similarly, a court may take judicial notice of documents filed with the SEC. See Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1277 (11th Cir. 1999); In re Lernout & Hauspie Sec. Litig., 286 B.R.

33, 37 (D. Mass. 2002). Finally, because the stock price data contained on the Bloomberg chart is not subject to reasonable dispute, this court will consider it to the extent that it is relevant. See La Grasta v. First Union Sec., Inc., 358 F.3d 840, 842 (11th Cir. 2004) (taking judicial notice of stock prices in securities fraud action), and cases cited. Accordingly, the plaintiff's request to take judicial notice is ALLOWED. The court will consider these documents to the extent they are relevant to the parties' arguments and the court's analysis of the defendants' motion to dismiss.

### B.      Plaintiffs' Motion to Strike

By their motion to strike, the plaintiffs are seeking an order striking Exhibits 23-26, 30, 32, 35 and part of Exhibit 33 to the defendants' appendix.[1] After consideration of the documents at issue and the parties' arguments, the motion is ALLOWED IN PART and DENIED IN PART as follows:

#### 1.      Exhibits 23-25: Statements Regarding Flattening Yield Curve

Exhibit 23 contains testimony before the United States Senate Banking, Housing and Urban Affairs Committee by Federal Reserve Chairman Alan Greenspan on February 16, 2005. The testimony constitutes Mr. Greenspan's presentation of the Federal Reserve's Monetary Policy Report to the Congress, and includes Mr. Greenspan's

---

[1] The plaintiffs do not dispute that this court may take judicial notice of the remaining exhibits contained in the defendants' appendix, but assert that the documents may not be used to prove the truth of the matters asserted therein or to resolve questions of fact in the defendants' favor. The evidentiary value of any judicially noticed documents will be assessed, if necessary, in connection with the separately issued Report and Recommendation on the defendants' motion to dismiss.

statements that the worldwide flattening of the yield curve was a "short-term aberration" and a "conundrum." Similarly, Exhibit 24 consists of the transcript of a July 18, 2005 interview with Citigroup's CFO, Sallie Krawcheck, in which Ms. Krawcheck discussed the unexpected flattening of the yield curve. Exhibit 25 consists of a July 19, 2005 article from American Banker Online in which Bank of America's CFO is quoted as stating that the yield curve "flattened beyond expectations." The defendants have submitted these documents as background information to show that "other market participants, including some of the most sophisticated financial institutions in the world, were publicly expressing surprise at the degree to which the yield curve had flattened in 2005." (Defs.' Opp. to Mot. to Strike ("Opp.") (Docket No. 57) at 7). It may be appropriate in certain circumstances for a court to take judicial notice of Congressional testimony. See, e.g., Dingle v. Bioport Corp., 388 F.3d 209, 211, 214 (6th Cir. 2004) (noting that district court had taken judicial notice of congressional testimony and affirming district court's dismissal of complaint based in part upon the statements made in that testimony). Nevertheless, the fact that Mr. Greenspan and other market participants may have expressed surprise at the extent to which the yield curve had flattened is not relevant to whether the complaint in the instant action states a claim of fraud. The defendants may choose to defend themselves by arguing that the defendants' reported reason for altering their 2005 guidance was consistent with the views expressed by other market participants and was therefore truthful. However, any such evidence, even when presented solely for background purposes, extends beyond the scope of the complaint and may not be relied

upon at the motion to dismiss stage.  See Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991) (while district court did not err by making reference to defendants' assertions regarding "widely-publicized collapse of the junk bond market," general condition of market was not a ground for decision and court did not rely on it); Guerra v. Teradyne, Inc., No. Civ. A. 01-11789-NG, 2004 WL 1467069, at *3 (D. Mass. Jan. 16, 2004) (stock index showing general state of the semiconductor industry not relevant on motion to dismiss).  The plaintiffs' motion to strike is ALLOWED with respect to Exhibits 23-25.

### 2. Exhibit 26: Definition of "Yield Curve"

Exhibit 26 consists of a page from Barron's Finance & Investment Handbook (5th ed. 1998) containing a definition of the term "yield curve."  The plaintiffs have not challenged the definition, but have moved to strike the document on the ground that it is not referenced in the complaint.  (Pls.' Mem. in Supp. of their Mot. to Strike ("Pls.' Mem.") (Docket No. 47) at 6).  The term "yield curve" is used in the complaint, its definition is not subject to reasonable dispute, and excerpts from a financial dictionary are appropriate for judicial notice.  See Adams v. United States, 964 F. Supp. 511, 515 n. 7, 517 n.10 (D. Mass. 1996) (taking judicial notice of dictionary definitions).  Therefore, the plaintiffs' motion is DENIED with respect to Exhibit 26.

### 3. Exhibit 30: Document Showing SBA Pool Data

Exhibit 30 consists of two Bloomberg reports containing SBA securities pool data.  The defendants have submitted this document for the purpose of establishing that interest rates on variable rate SBA securities are reset monthly or quarterly.  (Opp. at 8-9).  The

plaintiffs argue that the exhibit should be stricken because the SBA pool data is not referenced or relied upon in the complaint and because Exhibit 30 is irrelevant as it reflects "a single security description of a[n] SBA Pool that plaintiffs have not alleged, and defendants have not claimed, to have owned." (Pls.' Mem. at 7). There are no allegations in the complaint, and the defendants have not submitted evidence, showing that Investors Financial's SBA securities included the SBA pools shown on Exhibit 30. Therefore, the plaintiffs' motion to strike Exhibit 30 is ALLOWED. Nevertheless, this court notes that the plaintiffs have not objected to this court taking judicial notice of Exhibit 31, which describes SBA variable rate pools generally as being adjusted either monthly or quarterly. This fact is not subject to reasonable dispute and may be judicially noticed.

### 4.     Exhibit 32: Document Reflecting Three-Month Risk Free Rate

Exhibit 32 depicts a chart that is shown in the complaint, but which the defendants have altered to include the risk free interest rates for three-month U.S. treasury notes that existed during the Class Period. The defendants have submitted these interest rates for the purpose of undermining the plaintiffs' allegations that Investors Financial's SBA securities were impaired and should have been written down because the yield on those securities had fallen below the seven-year and ten-year risk free interest rates. (Opp. at 10). In particular, the defendants contend that because interest rates on the company's SBA securities were adjusted monthly or quarterly, the yield on those securities should have been compared to the three-month risk free rate in determining whether the

securities had become impaired. (Id. at 10-11). This court may take judicial notice of risk free interest rates for three-month U.S. treasury notes because those rates are not subject to reasonable dispute. Accordingly, the plaintiffs' motion to strike this information is DENIED. The evidentiary value of these interest rates will be assessed in connection with this court's Report and Recommendation on the defendants' motion to dismiss to the extent that they are relevant to the court's analysis of the issues raised by the motion.

### 5.   Exhibits 33 & 35: Documents Filed with the SEC

The plaintiffs are seeking to strike the portion of Exhibit 33 that consists of a Form 8-K, which Investors Financial filed with the SEC on May 29, 2001 and which indicates that four of the defendants sold stock in the company pursuant to written plans. They are also seeking to strike Exhibit 35, which consists of Form 4 Statements of Changes in Beneficial Ownership of Securities and a December 6, 2002 letter from Investors Financial to the SEC seeking removal of a test Form 4 filing and an amendment to the test filing. The documents included in Exhibit 35 were filed with the SEC and show that defendant Spinney acquired, but did not sell, stock in Investors Financial during the Class Period. The defendants have submitted these Exhibits in order to undermine any inference of scienter that may be established by allegations regarding the defendants' sales of stock during the Class Period. (Opp. at 12-13). The plaintiffs argue that these documents, with the exception of one of the Form 4 filings, are not referenced or relied on in the complaint. They also argue that the documents are irrelevant, may not be

considered for the truth of the statements contained therein, and may not be used to draw inferences in favor of the defendants. (Pls.' Mem. at 7-9). As discussed above, the court may take judicial notice of documents that have been filed with the SEC. Furthermore, evidence of a defendant's prior trading practices is relevant to determine whether the insider's stock sales may constitute circumstantial evidence of scienter. See <u>In re Silicon Graphics Inc. Sec. Litig.</u>, 183 F.3d 970, 986 (9th Cir. 1999). Accordingly, the plaintiffs' motion to strike Exhibit 35 and the Form 8-K contained in Exhibit 33 is DENIED. The evidentiary value of these documents will be assessed in connection with this court's Report and Recommendation on the defendants' motion to dismiss to the extent that they are relevant to the court's analysis of the issues raised by the motion.

## **ORDER**

For the reasons detailed herein, the "Plaintiffs' Request for Judicial Notice" (Docket NO. 49) is ALLOWED. The "Plaintiffs' Motion to Strike Certain Exhibits Included in Defendants' Appendix" (Docket No. 46) is ALLOWED as to Exhibits 23-25 and 30, and is otherwise DENIED.

      / s / Judith Gail Dein
      Judith Gail Dein
      United States Magistrate Judge