UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE ARCHDIOCESE OF MILWAUKEE SUPPORTING FUND, On Behalf of Plaintiff and All Others Similarly Situated,<br><br>         Plaintiffs,<br><br>  v.<br><br>INVESTORS FINANCIAL SERVICES CORP., et al.,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION<br>) NO. 05-11627-RCL<br>) **(Consolidated)**<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' RESPONSE TO
MAGISTRATE JUDGE DEIN'S REPORT AND RECOMMENDATION**

  Pursuant to Federal Rule of Civil Procedure 72(b), Defendants Investors Financial Services Corporation, Kevin J. Sheehan, Michael F. Rogers, John N. Spinney, Jr., Robert D. Mancuso, Karen C. Keenan, and John E. Henry (collectively "Defendants") hereby respond to Plaintiffs' Rule of Civil Procedure 72 Response to Magistrate Judge Dein's Report and Recommendation on Defendants' Motion to Dismiss ("Plaintiffs' Response"). In Plaintiffs' Response, Plaintiffs ask this Court to accept Judge Dein's Report and Recommendation (the "Report"), in which Judge Dein recommended that Plaintiffs' Consolidated Complaint (the "Complaint") be dismissed without prejudice. Plaintiffs, however, further request permission from this Court to file an amended complaint. Although Defendants join Plaintiffs in asking this Court to accept the Report and to dismiss the Complaint in its entirety, Defendants oppose Plaintiffs' request to file an amended complaint because any amended complaint would be futile and would frustrate the purpose of the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

**ARGUMENT**

I. **Plaintiffs' Proposed Amendment Would Be Futile.**

Plaintiffs' request for leave to amend should be denied on the grounds that any amendment would be futile.[1]  As the Supreme Court has explained, leave to amend properly may be denied where the proposed amendment to a complaint would be futile.  See Foman v. Davis, 371 U.S. 178, 182 (1962) ("futility of amendment" is proper grounds for denying leave to amend); see also CIGNA Fire Underwriter's Co. v. MacDonald & Johnson, Inc., 86 F.3d 1260, 1268 (1st Cir. 1996) ("A district court, in denying such leave [to amend], may properly consider . . . the futility of the proposed amendment.") (citing Foman).  That is the case here.

Plaintiffs' proposed amendment does not cure the fatal defects in their Consolidated Complaint.  Magistrate Judge Dein recommended dismissal of all of Plaintiffs' claims on the grounds, inter alia, that Plaintiffs failed adequately to allege Defendants' scienter.  This Court is familiar with the PSLRA requirement that Plaintiffs plead "**particular facts that give rise to a strong (rather than merely reasonable) inference of scienter**." Ezra Charitable Trust v. Tyco Int'l, Ltd., 466 F.3d 1, 6 (1st Cir. 2006) (emphasis added) (internal citations omitted).  As the Supreme Court recently explained in Tellabs, Inc. v. Makor Issues & Rights, Ltd., -- U.S. --, 127 S. Ct. 2499, 2511 (2007), for the inference of scienter to be "strong," it "must be more than merely 'reasonable' or 'permissible'-- it must be **cogent** and **compelling**, thus strong in light of other explanations."  Here, Magistrate Judge Dein found that Plaintiffs' allegations fail to satisfy the scienter standard.

In the Report, Judge Dein specifically found that "[w]hen the Complaint in the instant case is viewed as a whole, the Plaintiffs' claims of scienter are not supported by adequate factual allegations." Report at 40.  Indeed, Judge Dein examined in detail each of Plaintiffs' scienter arguments -- based on the Company's historical financial results, the fact that the Company issued a restatement, the status of the Defendants and their alleged access to alleged material

---

[1] Notably, Magistrate Judge Dein did not grant Plaintiffs leave to amend.  Rather, she recommended dismissal without prejudice.  See Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 628 (1st Cir. 2000) (rejecting argument that dismissal without prejudice serves an "an invitation to amend").

non-public information, and the Defendants' alleged motivation -- and judged each to be inadequate, separately and collectively, under the PSLRA.  Id. at 38-51.

Plaintiffs' proposed amendments in their Response do not cure their failure adequately to plead scienter.  In Plaintiffs' Response, Plaintiffs assert that Judge Dein "erred" because she "misconstrued the significance and impact of Investors Financial Services Corporation's . . . falsely reported net interest income . . . ."  Pl. Resp. 1.  Specifically, Plaintiffs argue that "[w]hile the Court focused on the overall net income numbers, the net interest income . . . was itself a material misrepresentation."  Id.  Plaintiffs note that, in evaluating this argument, Judge Dein was "hampered by the allegations of the complaint," and opine that, if given the chance to re-plead, they would be able to "appropriately address[]" Judge Dein's concerns.  Id.  In fact, Judge Dein did not "err[]," as she obviously understood exactly what Plaintiffs were trying to allege.  Magistrate Judge Dein specifically discussed Plaintiffs' allegations regarding net interest income and Plaintiffs' allegation that Defendants intentionally overstated net interest income by using an incorrect accounting method.  Report at 10-11, 13-15.  Ultimately, Magistrate Judge Dein found that "Plaintiffs have not alleged specific facts to support their conclusion that the Defendants knowingly used an inappropriate accounting method."  Report at 14.

Even if Plaintiffs were to amend their Complaint as they propose to clarify their argument regarding the alleged importance of net interest income as opposed to overall net income, Plaintiffs' allegations would still fall far short of satisfying the PSLRA's scienter requirement.  Plaintiffs' Consolidated Complaint did not meet this standard, and it cannot even if amended.  In Plaintiffs' Response, Plaintiffs do not suggest that they will be able to amend their Consolidated Complaint so as to include **any** new allegations establishing the requisite scienter of any of the Defendants.  The submission of an amended complaint purportedly clarifying the alleged importance of net interest income as opposed to net overall income would, therefore, be futile.  For this reason alone, Plaintiffs' request to submit an amended complaint should be denied.  Indeed, the inability of any amendment to cure the fundamental deficiencies in the Complaint supports a finding that the Complaint should be dismissed with prejudice.

II.  **Plaintiffs' Proposed Amendment
     <u>Would Frustrate The Purpose Of The PSLRA.</u>**

Plaintiffs' request for leave to replead should also be denied on the grounds that it would frustrate the purpose of the PSLRA. In their Response, Plaintiffs argue that filing pleadings in a securities case that comply with the dictates of the PSLRA "can be a matter of trial and error." Pl. Resp. at 2 (citation omitted). The better reasoned authorities disagree. Allowing Plaintiffs to file an amended complaint runs contrary to the purpose of the PSLRA, which was enacted "to curb abuse in private securities lawsuits, particularly the filing of strike suits." <u>Greebel v. FTP Software, Inc.</u>, 194 F.3d 185, 191 (1st Cir. 1999). To achieve this goal, courts have held that the PSLRA "restrict[s] the ability of plaintiffs to amend their complaint . . . limiting the scope of Rule 15(a) of the Federal Rules of Civil Procedure." <u>Miller v. Champion Enters., Inc.</u>, 346 F.3d 660, 692 (6th Cir. 2003). Indeed, the PSLRA would fail to prevent the harassing strike suits it was designed to discourage "if plaintiffs were allowed to amend and amend until they got it right." <u>Id.</u> at 690.

In this case, Plaintiffs filed a hopelessly prolix 142-page, 263-paragraph Consolidated Complaint in February 2006. That Consolidated Complaint was filed six months after the initial knee-jerk complaints filed by the plaintiffs' bar following Investors Financial Services Corporation's July 2005 guidance revision. As explained in Defendants' memorandum of law supporting their Motion to Dismiss, the Consolidated Complaint told a story completely different from that told in the initial complaints. As explained in the Report, however, the Consolidated Complaint nevertheless made no sense and lacked particularized facts. Plaintiffs now identify no amendment that would cure any of these defects. It is now two years since Plaintiffs filed their initial complaints, and they have yet to articulate any coherent theory of liability, and have yet to plead any particularized facts giving rise to a strong inference that any Defendant acted with scienter.

In short, allowing Plaintiffs to file repeated complaints in a fruitless attempt to craft a cognizable claim would frustrate the purpose of the PSLRA, which is "to screen out lawsuits

having no factual basis, to prevent harassing strike suits, and to encourage attorneys to use greater care in drafting their complaints." Miller, 346 F.3d at 699. For this reason as well, Plaintiffs' request for leave to amend should be denied.

## CONCLUSION

For all the foregoing reasons, Defendants request that this Court accept the Report, deny Plaintiffs' request to file an amended complaint, and dismiss the Complaint with prejudice.

        Respectfully Submitted,

        **INVESTORS FINANCIAL SERVICES, CORP., KEVIN J. SHEEHAN, MICHAEL F. ROGERS, ROBERT D. MANCUSO, EDMUND J. MARONEY, KAREN C. KEENAN, JOHN E. HENRY and JOHN N. SPINNEY, JR.,**

        By their attorneys,

        /s/ Jordan D. Hershman
        Jordan D. Hershman, BBO #553709
        Jason D. Frank, BBO #634985
        James P. Lucking, BBO #650588
        William R. Harb, BBO #657270
        **BINGHAM MCCUTCHEN LLP**
        150 Federal Street
        Boston, MA  02110-1726
        (617) 951-8000

Dated: September 28, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 28, 2007.

/s/ Jordan D. Hershman